UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BENJAMIN FELTMAN, ]
 ]
    Plaintiff, ]
 ]
vs. ] CV 98-N-0378-S
 ]
CAPTAIN JENNIFER S. KILBURN, ]
Commander of the Bessemer ]
Corrections Division of the ]
Jefferson County, Alabama, ]
Sheriff's Department, ]
 ]
    Defendant. ]

MEMORANDUM OF OPINION

I.     Introduction.

    The plaintiff, Benjamin Feltman ("Feltman"), brings this action pursuant to 42 U.S.C. § 1983 ("section 1983") and 42 U.S.C. § 1985 ("section 1985"). *See generally Amended Complaint for Damages* (filed May 4, 1998) ["Complaint"].[1] The sole defendant in this action is Jennifer S. Kilburn ("Kilburn"), the Commander of the Bessemer Corrections Division of the Jefferson County, Alabama, Sheriff's Department.[2] Mr. Feltman alleges

---

[1] On March 2, 1998, the Court struck the plaintiff's original complaint due to the careless, "shotgun" nature of the pleading, and ordered the plaintiff to replead his original complaint. *See Order* (entered March 2, 1998). Mr. Feltman filed his repleaded complaint on May 4, 1998.

[2] The original complaint did not assert any claims against Captain Kilburn, thus no service of process was attempted or perfected on her. *See Complaint for Damages* (filed Feb. 18, 1998). Though Captain Kilburn is the sole defendant by virtue of the plaintiff's repled complaint, filed May 4, 1998, a review of the court file indicates that no formal service of process appears to have been effected on her. However, the Eleventh Circuit has squarely held that when a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, "the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).



generally that he suffered bodily harm at the hands of Jefferson County Sheriff's Deputies while he was incarcerated at the Jefferson County Jail located in Bessemer, Alabama (the "Bessemer Jail"). Though the complaint fails to allege whether defendant Kilburn is sued in her individual or official capacities under section 1983, the Court will assume that Commander Kilburn is sued in both her individual and official capacities here.

The matter is currently before the Court on the defendant's motion to dismiss, filed on May 28, 1998. The motion has been briefed by the parties and is ripe for decision. Upon due consideration, the motion will be granted.

## II.    Allegations of the Complaint.

The plaintiff alleges in his complaint that he is a diagnosed schizophrenic who has sporadically undergone treatment at various mental facilities for approximately thirteen (13) years. *See Plaintiff's Amended Complaint for Damages* ¶4. On February 25, 1996, Mr. Feltman was arrested and later incarcerated at the Bessemer Corrections Division of the Jefferson County, Alabama, Sheriff's Department. *Id.* ¶3. During the arrest and booking procedures, Mr. Feltman informed the officers of his schizophrenic condition and indicated that he was currently sick. *Id.* ¶4. Despite this warning, Mr. Feltman was placed in isolation and allegedly was not given medical attention. *Id.* ¶4.

After being placed in isolation, Mr. Feltman began to panic and screamed for help, allegedly because of a lack of medication for his schizophrenia. *See Plaintiff's Amended Complaint* ¶5. In response, Mr. Feltman avers that officers entered his cell and assaulted him, causing numerous bruises and contusions, a broken rib, a broken hand, abdominal

pain, nausea, and vomiting. *Id.* ¶5. Mr. Feltman was then taken by officers to Cooper Green Hospital for medical attention. *Id.* ¶5.

Captain Jennifer Kilburn was the supervisor in charge of the Bessemer Division at the time of the assault on Mr. Feltman. *See Plaintiff's Amended Complaint* ¶8. Mr. Feltman further alleges that as supervisor, Captain Kilburn had a duty to insure that Mr. Feltman was properly treated while in her custody. *Id.* ¶16. Mr. Feltman contends that the officers involved in the assault, as employees of the Bessemer Division of the Jefferson County Sheriff's Department, were under the control and supervision of Kilburn, and were acting pursuant to orders and directives from her. *Plaintiff's Amended Complaint* ¶¶ 9, 11.

Mr. Feltman's complaint also accuses Captain Kilburn of failing to take any step or effort to stop the assault, and that she failed to take any disciplinary action against any of the officers, employees, or agents involved with the assault. *Id.* ¶14. As a result of this episode, Mr. Feltman claims that he has and will continue to suffer mental anguish, and, further, has lost and will continue to lose "large sums of money by reason of having been greatly humiliated and held up to public scorn and derision." *Plaintiff's Amended Complaint* ¶16. Mr. Feltman seeks a judgment in the amount of $250,000 and furthermore, demands $250,000 in punitive damages. *Id.*

## III. Standard for Motion to Dismiss.

For purposes of ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take the allegations of the complaint as true and construe them in a manner most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless "it

appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim. *Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir. 1976); *Hepperle v. Johnston,* 544 F.2d 201 (5th Cir. 1976).

## IV. Discussion.

### A. Section 1983 and Section 1985 Claims Against Captain Kilburn in Her Official Capacity -- Eleventh Amendment Immunity.

As noted *supra*, Mr. Feltman does not specifically allege in his complaint the capacity or capacities in which Captain Kilburn is sued under section 1983 or section 1985. Thus, the Court has assumed, construing the allegations in the light most favorable to the plaintiff, that Captain Kilburn is sued in both her individual and official capacities here. Captain Kilburn contends that the Eleventh Amendment bars suit against a Jefferson County Sheriff's Captain or a "Commander of the Bessemer Corrections Division of the Jefferson County Sheriff's Department," like herself, when such claims are asserted under an official capacity theory of liability pursuant to section 1983 or section 1985. *See Motion to Dismiss* ¶3. Mr. Feltman fails to address this immunity argument and, therefore, apparently concedes that these claims are due to be dismissed. *See Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (noting that grounds alleged in the complaint but not argued in opposition to a dispositive motion are "deemed abandoned").

Indeed, the Eleventh Amendment bars suits by private parties "seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment, however, does not protect state officials

4

acting in their official capacities from suit for injunctive relief.[3] *See Lassiter v. Alabama A & M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 n.2 (11th Cir. 1994). Eleventh Amendment immunity applies not only in actions against the state itself but also in actions brought against a "state agency or instrumentality." *Id.* The rule, however, does not apply to instances in which the state waives such immunity or Congress specifically abrogates it. With regard to section 1983 or section 1985 claims, however, the State of Alabama has not waived and Congress has not abrogated Alabama's Eleventh Amendment immunity. *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996); *Wright v. Butts*, 953 F. Supp. 1352, 1358 (M.D. Ala. 1996); *Gorman v. Roberts*, 909 F. Supp. 1493, 1502-03 (M.D. Ala. 1995).

Most important to the analysis here is that sheriffs, deputy sheriffs and other similarly-situated state officials in Alabama represent the state of Alabama when executing their law enforcement duties. *See Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1526-27 (11th Cir. 1990); *cf. McMillian v. Monroe County, Alabama*, ___ U.S. ___, 117 S. Ct. 1734, 1737 (1997) (holding that Alabama sheriffs represent the state of Alabama, not the county in which they acted as law enforcement officials). In *Carr*, the Eleventh Circuit concluded that "[under Alabama law], a deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should also enjoy immunity covering the sheriff's own acts." *Carr*, 916 F.2d at 1526 (citing *Mosely v. Kennedy*, 17 So. 2d 536, 537 (Ala. 1944)). Moreover, such an Eleventh Amendment analysis has been extended to numerous other types of state officials to provide them with immunity. *See,*

---

[3] Mr. Feltman does not seek injunctive relief in this action. *See Generally Amended Complaint for Damages* (filed May 4, 1998).

5

e.g., *Wright v. Butts*, 953 F. Supp. 1352, 1358 (M.D. Ala. 1996) (providing Eleventh Amendment immunity from claims asserted under sections 1983 & 1985 against an assortment of state officials).

The Court therefore concludes that the Eleventh Amendment bars the plaintiff's section 1983 and section 1985 official capacity claims against Captain Kilburn. Accordingly, all such claims will be dismissed with prejudice.

### B. Section 1983 Claims Against Captain Kilburn in Her Individual Capacity - Qualified Immunity.

Section 1983 of Title 42 of the United States Code creates a mechanism for recovering monetary damages from governmental actors and entities whose actions under color of state or local law deprive a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes. In his complaint, Mr. Feltman seeks damages based on allegations that Captain Kilburn violated section 1983 by allowing the "individual police officers/employees" under her to "engage[ ] in the illegal conduct here mentioned to the injury of Plaintiff and deprive[ ] Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the First and Fourteenth Amendments[s] to the Constitution of the United States and the laws of the United States." *Complaint* ¶13.

Captain Kilburn contends that she is immune from the plaintiff's section 1983 individual capacity claims under the well-established doctrine of qualified immunity. *See Defendant's Motion to Dismiss* ¶4. If the plaintiff's complaint fails to "state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known'," then the defendant is "immune from liability and even from trial." *See*

*Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied sub nom*, *Deutcsh v. Oladeinde*, 507 U.S. 987, 113 S. Ct. 1586, 123 L. Ed. 2d 153 (1993). In this vein, the Supreme Court has held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); see also *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986).

The test for whether a governmental defendant is entitled to qualified immunity from liability in his or her individual capacity involves a two-step analysis. A government official first must demonstrate that "'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Rich*, 841 F.2d at 1563-64 (quoting *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983)). If the defendant satisfies this burden, the plaintiff must then show either that the official lacked good faith or that the official's actions "'violated clearly established constitutional law'" or a federal statute. *Id.*

Under the second prong, the court must determine whether the applicable law was clearly established at the time of the challenged action. This is determined by reference to decisions of the Supreme Court of the United States and the Court of Appeals for the Eleventh Circuit. *D'Aguanno v. Gallagher*, 50 F.3d 877, 881 n. 6 (11th Cir. 1995); *Courson v. McMillian*, 939 F.2d 1479, 1498 n. 32 (11th Cir. 1991). The relevant inquiry is "fact specific," *Rodgers v. Horsley*, 39 F.3d 308, 311 (11th Cir. 1994), and the plaintiff must point to a

7

controlling case, decided before the events at issue, that establishes a constitutional violation on "materially similar" facts. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (11th Cir. 1994); *see also Cofield v. Randolph County Comm'n*, 90 F.3d 468, 470 (11th Cir. 1996).

As emphasized in *Lassiter*, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violated federal law in the circumstances." *Id.*; *see also Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987)(holding that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right"). The Eleventh Circuit has warned that plaintiffs must not be permitted "to discharge their burden by referring to general rules and to the violation of abstract 'rights.'" *Id.* at 1150. "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Id.* (quoting *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), modified, 14 F.3d 583 (11th Cir. 1994)).

In his complaint, the plaintiff asserts only generally that Captain Kilburn should be held liable individually under section 1983 because the police officers and employees under her supervision "deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the First and Fourteenth Amendments[s] to the Constitution of the United States and the laws of the United States." *Complaint* ¶13. The Court finds it difficult to discern how this can be construed, even in the light most favorable to the plaintiff here, to state a claim upon which relief can be granted against Captain Kilburn.

At the outset, it must be pointed out that the Eleventh Circuit has substantially tightened the pleading requirements in a section 1983 action, stating that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if we are to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." *Oladeinde*, 963 F.2d at 1485; *cf. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (stating it is "impossible to square the heightened pleading requirement with the liberal system of notice pleading set up by the Federal rules" and that in section 1983 claims, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later"). Under the Eleventh Circuit's heightened pleading standard, actions against governmental officials must be pleaded "with sufficient precision to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds." *Malone v. Chambers County Bd. of Comm'rs*, 875 F. Supp. 773, 791 (M.D. Ala. 1994) (quoting *Brown v. Frey*, 889 F.2d 159, 170 (8th Cir. 1989), *cert. denied*, 493 U.S. 1088, 110 S. Ct. 1156, 107 L. Ed. 2d 1059 (1990)).

The Court finds, therefore, that Mr. Feltman simply has not provided enough detail to allow Captain Kilburn to prepare an adequate response to his individual capacity section 1983 claim(s). The only "factual detail," *Oladeinde*, 963 F.2d at 1485, is that Captain Kilburn, in violation of section 1983, allowed *others* under her control to violate plaintiff's constitutional rights. The plaintiff does not explain what specific constitutional right was violated by Captain Kilburn's conduct.

9

And, despite having the opportunity to replead his complaint to comply with section 1983's heightened pleading standard, *see Order to Replead* (entered Mar. 2, 1998), Mr. Feltman has failed to cite for the Court a controlling case, decided before the events at issue, that establishes a constitutional violation on materially similar facts as those alleged by them. *See Generally Plaintiff's Response to Defendant's Motion to Dismiss*. As a result, Mr. Feltman has failed to raise a genuine issue regarding whether defendant Kilburn, by the conduct alleged against her, violated any clearly established federal right. Accordingly, the plaintiff's section 1983, individual capacity claims will be dismissed without prejudice.[4]

### C. Section 1985(3) Claim Against Captain Kilburn in Her Individual Capacity.

As indicated *supra*, the Court is treating the plaintiff's complaint as though he is pleading individual *and* official capacity claims against the defendant, despite his failure to do so. The defendant argues that any section 1985 claim against her in her individual capacity is due to be dismissed because Mr. Feltman's complaint fails to allege discriminatory, class-based animus on the part of Kilburn, fails to allege any conspiracy either tacitly or overtly agreed to by Kilburn, fails to allege any overt acts taken by Kilburn

---

[4] Though not necessary for the result reached here, the Court also emphasizes that Mr. Feltman's complaint does not state an individual capacity claim under section 1983 because the plaintiff's complaint fails to allege that Captain Kilburn directly participated in the beating allegedly suffered by the plaintiff at the Bessemer Jail. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Moreover, no claim lies against Captain Kilburn for the alleged excessive force used against Mr. Feltman, for no *respondeat superior* liability exists based upon the actions of her subordinate officers and deputies. *See Harrell v. Decatur County*, 22 F.3d 1570, 1573 (11th Cir. 1994). Finally, Mr. Feltman does not allege that Captain Kilburn actually knew of the risk of harm to Mr. Feltman due to his potential schizophrenic episodes or that Kilburn was actually aware that Mr. Feltman was actually being beaten by jail deputies during such an episode. As a result, Mr. Feltman's complaint fails to state a section 1983 claim for deliberate indifference on the part of Kilburn to a condition of Mr. Feltman's confinement, for Mr. Feltman does not allege that Kilburn was actually aware of any excessive risk to Mr. Feltman's health or safety and that Kilburn actively disregarded that risk. *See Farmer v. Brennan*, 114 S. Ct. 1970, 1977-79 (1994); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996).

in furtherance of the alleged conspiracy and fails to allege the participation of any other actor necessary for the formation of a conspiracy to violate plaintiff's civil rights.[5] *See Motion to Dismiss* ¶8. In his response, Mr. Feltman fails to even address these arguments made by the defendant. *See generally Plaintiff's Response to Defendant's Motion to Dismiss*.

The Court first points out that qualified immunity is not available as a defense to a section 1985(3) claim. *See Johnson v. City of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1379 (11th Cir. 1997) (citing *Burrell v. Board of Trustees of Ga. Military College*, 970 F.2d 785, 794 (11th Cir. 1992)). However, the Eleventh Circuit in the *Johnson* case was quick to explain that the "narrow intent element of § 1985(3) erects a significant hurdle for § 1985(3) plaintiffs, thereby obviating the need for granting public officials qualified immunity with respect to a § 1985(3) claim." *Johnson*, 126 F.3d at 1379-80.

Although he was given the opportunity to replead his complaint to plead a section 1985(3) claim, Mr. Feltman nonetheless fails to allege in his complaint that Captain Kilburn harbored the necessary racial or class-based animus to state such a claim. Moreover, the plaintiff fails to allege the participation of any other actor necessary for the formation of a conspiracy to violate Mr. Feltman's civil rights. *See Childree v. UAP/GA AG Chem., Inc.*,

---

[5] The elements of a section 1985(3) claim are:

> (1) a conspiracy; (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 3356, 77 L. Ed. 2d 1049 (1983).

11

92 F.3d 1140, 1146-47 (11th Cir. 1996). Accordingly, Mr. Feltman's section 1985 claim or claims, to the extent such were included in the complaint, will be dismissed without prejudice.

**V.  Conclusion.**

Accordingly, the defendant's motion to dismiss will be granted. The Court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 7th of August, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE